**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KOMLAN DANIEL ADEDJE, a.k.a. Baba Togbe Houetognon, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70024 <br><br> Agency No. A098-648-306 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Komlan Daniel Adedje, a native and citizen of Togo, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to remand

and dismissing his appeal from an immigration judge's ("IJ") decision finding he

had withdrawn, and therefore declining to consider, his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to remand. *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Adedje does not challenge the BIA's dispositive finding the IJ reasonably refused to entertain a previously withdrawn asylum application that contained incorrect information. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in opening brief are waived).

The BIA did not abuse its discretion in denying Adedje's request to remand on the basis of his claimed marriage because Adedje did not provide documentary evidence of the marriage. *See Malhi*, 336 F.3d at 994 (applicant "must offer evidence that is probative of the motivation for marriage, not just the bare fact of getting married").

Finally, we lack jurisdiction to review Adedje's claims of ineffective assistance by former attorneys and another individual, as well as his due process claims regarding the IJ's conduct at his individual hearing, because he failed to raise these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3rd 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**